[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 6, 2007
THOMAS K. KAHN
CLERK

No. 06-15351
Non-Argument Calendar

_____

D.C. Docket No. 03-00269-CV-OC-10-GRJ

CHRISTOPHER ANDERSON,

Plaintiff-Appellee,

versus

CITY OF CRYSTAL RIVER, FLORIDA,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Middle District of Florida

_____

**(March 6, 2007)**

Before ANDERSON, BARKETT and HILL, Circuit Judges

PER CURIAM:

Plaintiff, Christopher Anderson, brought this action against The City of Crystal River (the "City") seeking damages under 42 U.S.C. § 1983 and the Florida Whistleblower Act, Florida Statutes § 112.3187, and for recision of his prior settlement agreement resulting in his resignation from his employment with the City. In 2004, the district court abated this action upon the parties' stipulation that the facts and issues herein were the same or almost identical to those in *Ballard v. City of Crystal River*, Case No. 5:02-cv-240-OC-10-GRJ, in which the district court had granted summary judgment to the City and which was then on appeal to this court. After we affirmed that judgment, Anderson sought to re-open this case and the district court agreed, holding that Anderson's claims for recision and for damages under the Whistleblower Act were not barred by the judgment affirmed in *Ballard*. This case was re-opened and discovery commenced.

Following discovery, the City moved for summary judgment on both counts of Anderson's complaint. After due consideration, the district court agreed and entered summary judgment for the City.

The City then moved the district court to award of costs and fees against Anderson, under the frivolous litigation provisions of both the 42 U.S.C. § 1988 and the Whistleblower Act, as well as for the award of attorneys' fees against Anderson's counsel under 28 U.S.C. § 1927 for the allegedly vexatious and

2

unreasonable multiplication of these proceedings. The City argued that Anderson's claims were frivolous and filed in bad faith as to the validity of their allegations. The City contended that Anderson knew that his claims were barred by his previous settlement agreement with the City as well as by the Whistleblower Act's statute of limitations. As to Anderson's counsel, the City argued that the prosecution of this case "after pursuing to the appellate level a virtually identical claim," unnecessarily prolonged these proceedings.

The district court denied the City's motion for costs and fees as to both Anderson and his counsel. The district court held that as to the allegation of frivolity, it must determine whether this case was so lacking in arguable merit as to be groundless or without foundation, rather than whether the action was ultimately unsuccessful. Under this standard, the court said, the City was not entitled to costs and fees because Anderson's claims were not so frivolous, unreasonable or without foundation as to justify such an award.

The district court noted that Anderson's claim for recision was based upon an allegation of duress that raised factual issues not resolved prior to this litigation. Furthermore, his claim under the Whistleblower Act would not have been barred by the statute of limitations had the settlement agreement been rescinded. Thus, the district court concluded, it cannot be said that Anderson's

3

present claims were without arguable merit, groundless, or without foundation. Additionally, in considering Anderson's motion to reopen this case, the district court noted that it had carefully considered whether *Ballard* controlled Anderson's present claims and had determined that it did not. Therefore, the district court concluded, Anderson's counsel did not unnecessarily prolong this litigation by re-opening this case.

Our review of the district court's decision not to award costs or fees against Anderson and his counsel is for an abuse of discretion. *Amlong & Amlong v. Denny's, Inc.*, 457 F.3d 1180, 1188 (11th Cir. 2006). Under this standard, we must affirm the district court unless we find that it has applied the wrong legal standard or made a clear error of judgment. Our review of this case reveals no such error of law or judgment. Accordingly, the district court did not abuse its discretion and its denial of the City's motion for costs and fees is due to be

AFFIRMED.